UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL CASTRO, CDCR # P-76819, <br><br>      Plaintiff, <br><br> v. <br><br> RICKARD SANTWIER, <br><br>      Defendant. | Case No.: 21-CV-853 JLS (LL) <br><br> **ORDER: (1) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a), AND (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR IMPROPER VENUE PURSUANT TO 28 U.S.C. §§ 1391(e) AND 1406(a)** |

Plaintiff Juan Manuel Castro ("Plaintiff"), currently incarcerated at California State Prison, Sacramento, is proceeding pro se in this civil rights action ostensibly brought pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl.").

Plaintiff initially submitted his Complaint on the Court's approved form "Complaint Under the Civil Rights Act 42 U.S.C. § 1983" to the Ninth Circuit, which then forwarded the Complaint to this Court for filing. *See id.* at 1. The only named defendant is an attorney, Rickard Santwier, who allegedly practices law in Pasadena, California. *See id.*

Although the Complaint offers many biographical details about Plaintiff's life, it does not include any factual allegations about what, if anything, Defendant Santwier did to violate Plaintiff's constitutional rights or where any alleged constitutional violation occurred. *See generally id.*

Plaintiff has neither prepaid the $402 civil and administrative filing fee required by 28 U.S.C. § 1914(a) nor filed a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).

**PLAINTIFF'S FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed, *see* 28 U.S.C. §§ 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $402 in filing and administrative fees required to commence a civil action, nor has he submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

///
///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

# VENUE

The Court also finds that, as Plaintiff's Complaint presently is pleaded, it cannot be filed in the Southern District of California. Venue may be raised by a court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not yet run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Plaintiff bears the burden of demonstrating that venue is proper in his chosen district. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

"A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986).

As noted, aside from naming Defendant Santwier on the first page of the Complaint and listing his Pasadena address, Plaintiff's Complaint does not allege what, if anything, Defendant Santwier did to violate Plaintiff's constitutional rights, or where any such violation occurred. Because Pasadena is in the Central District of California, Plaintiff could have brought his case there. *See* 28 U.S.C. § 84(c)(2) (explaining that Los Angeles County is located within the Western Division of the Central District of California); *see also* 28 U.S.C. § 1391(b). It is possible that venue would be proper in the Southern District of California as well if, for example, Plaintiff can allege that "a substantial part of the events or omissions giving rise to the claim occurred" in either San Diego or Imperial County; but, without such allegations, Plaintiff's case cannot proceed here. *See* 28 U.S.C. § 84(d) ("The Southern District comprises the counties of Imperial and San Diego.").

///

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." Since Plaintiff's case already must be dismissed for failure to prepay filing fees or submit a properly supported motion to proceed IFP, and given that Plaintiff may ultimately be able to show that venue is proper in this District, the Court finds that the interests of justice weigh in favor of dismissal without prejudice rather than transfer.

Finally, the Court notes that, even if Plaintiff had alleged grounds for venue in this District, his Complaint would still be subject to dismissal for failure to state a civil rights claim against Defendant Santwier. If Plaintiff wishes to pursue a claim against Defendant Santwier pursuant to 42 U.S.C. § 1983, he must allege facts sufficient to show that: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *See Campbell v. Wash. Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011). Criminal defense attorneys, whether privately retained or court appointed, do not ordinarily act under color of state law. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a court-appointed defense attorney does not act under color of state law when acting as defense counsel); *Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir. 1977) ("We have repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under" section 1983.) (collecting cases). If Plaintiff chooses to amend his Complaint to add allegations supporting venue in this District, he should also include factual allegations satisfying these essential elements of a section 1983 claim.

## CONCLUSION

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action *sua sponte* **WITHOUT PREJUDICE** for (a) failure to pay the $402 civil filing and administrative fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§1914(a) and 1915(a) and (b) improper venue pursuant to 28 U.S.C. §§ 1391(e)(1) and 1406(a);

4

(2) **GRANTS** Plaintiff forty-five (45) days' leave from the date on which this Order is electronically docketed either to: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a properly supported motion to proceed IFP, *see* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b); and

(3) **GRANTS** Plaintiff forty-five (45) days' leave from the date on which this Order is electronically docketed in which to file an amended complaint that cures the venue and pleading deficiencies noted above. Plaintiff's amended complaint must be complete in and of itself without reference to his original pleading. Any defendant not named and any claim not realleged in his amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived if not repled"). If Plaintiff cannot allege that venue is proper in the Southern District of California, he must refile his case in a proper venue.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL PROVIDE** Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *in Forma Pauperis*." If Plaintiff fails to prepay the $402 civil filing fee or complete and submit a properly supported motion to proceed IFP **within forty-five (45) days** of the date on which this Order is electronically docketed and/or if Plaintiff fails to submit an amended pleading addressing the venue and pleading deficiencies identified above **within forty-five (45) days** of the date on which this Order is electronically docketed, this action will remain dismissed without prejudice without further order of the

///
///
///
///
///

Court based on Plaintiff's failure to satisfy the fee requirements of 28 U.S.C. § 1914(a) and/or for improper venue pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED.**

Dated: June 2, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge