UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL CASTRO, CDCR #J-76819,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RICKARD SANTWIER,<br><br>　　　　　　　　　　Defendant. | Case No.  21-CV-853 JLS (LL)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CIVIL ACTION**<br><br>(ECF No. 3) |

On April 26, 2020, Plaintiff Juan Manuel Castro, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). The only named Defendant is an attorney, Rickard Santwier, who allegedly practices law in Pasadena, California, and the only allegations in the Complaint consist of rambling, incoherent details of Plaintiff's life. *See id.* at 3–5, 8–17.

On June 2, 2021, the Court dismissed this action because Plaintiff had failed to: (1) pay the filing fee or submit an application to proceed *in forma pauperis* ("IFP"); (2) present sufficient facts in the Complaint to determine whether venue is proper in the Southern District of California, as the only Defendant was alleged to reside in the Central District of California; and (3) allege a violation of a right secured by the Constitution or laws of the United States as required to state a claim under 42 U.S.C. § 1983. *See* ECF

No. 2 (the "Dismissal Order") at 2–5.  The Court found that the interests of justice weighed in favor of dismissal of this action rather than transfer to the Central District because the Complaint was required to be dismissed for failure to satisfy the filing fee requirement and because it was unclear if Plaintiff could ultimately show that venue lies in this District.  *Id*. at 4 (citing 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.")).

Plaintiff was granted forty-five days' leave from the date of that order—that is, on or before July 19, 2021—to either pay the civil filing fee or submit an application to proceed *in forma pauperis* and file a First Amended Complaint curing the defects of pleading identified in the Court's Dismissal Order.  *Id*. at 5.  The Clerk of the Court was directed to provide Plaintiff with a blank copy of this Court's *in forma pauperis* application form for his use if he chose to proceed with this action in this District.  *Id*.  Plaintiff was instructed that if he failed to either pay the civil filing fee or file an application to proceed *in forma pauperis* and file a First Amended Complaint on or before July 19, 2021, it would result in the dismissal of the entire action based on his failure to satisfy the filing fee requirement and/or for improper venue.  *Id.* at 5–6.

Plaintiff filed a motion to proceed *in forma pauperis* on June 17, 2021.  *See* ECF No. 3 ("IFP Motion").  Although he has not file a First Amended Complaint as instructed, he filed a letter with the Court on June 29, 2021.  *See* ECF No. 5.

**MOTION TO PROCEED *IN FORMA PAUPERIS***

Although Plaintiff used the *in forma pauperis* form provided to him by this Court to file his IFP Motion, he has made no effort to properly fill it out as instructed on the form.  *See generally* IFP Motion.  Rather, as with his Complaint, Plaintiff's IFP Motion contains a rambling, incoherent narrative regarding Plaintiff's personal history, along with irrelevant attachments, such as a crossword puzzle.  *See id*. at 8.  In any case, the IFP Motion does not include the required certified copy of Plaintiff's prison inmate trust account statement, which the very form Plaintiff used indicates is a requirement to support

a motion to proceed *in forma pauperis*. *See id*. at 1; *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) (holding that, in order to qualify to proceed IFP, prisoners are required to submit "their prison trust account records") (citing 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to [proceed *in forma pauperis*] . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint.")). Accordingly, the Court **DENIES** Plaintiff's IFP Motion because it does not include a certified copy of his trust fund account statement or an "institutional equivalent" attesting as to his trust account activity and balances for the 6-month period preceding the filing of this action. *See* 28 U.S.C. § 1915(a)(2); S. D. Cal. CivLR 3.2.b.

### FAILURE TO AMEND/COMPLY WITH COURT ORDER

Although Plaintiff did not file a First Amended Complaint as instructed, he filed a letter with the Court on June 29, 2021. *See* ECF No. 5. It, too, is essentially incoherent and involves what appears to be a discussion of his criminal conviction in the Central District of California and the conditions of his confinement at Folsom State Prison in the Eastern District of California prior to his recent transfer to his current location at Corcoran State Prison in the Eastern District. *Id*. at 1–6. Neither of Plaintiff's two submissions, his letter or his IFP Motion, make any discernable attempt to address or cure the defects of pleading identified in the Court's June 2, 2021 Dismissal Order. The time set to cure those defects of pleading has now expired, and Plaintiff has failed to file an amended complaint or submit a proper *in forma pauperis* application in compliance with this Court's June 2, 2021 Dismissal Order.

This Court has the discretion *sua sponte* to dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule

41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004); *see also Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

Here, only factor three does not weigh in favor of dismissal, as the Court has informed Plaintiff of his need to file an amended complaint stating a claim for which venue lies in this Court and to either pay the filing fee or submit a properly supported IFP application in order to proceed with this action and provided him with a blank form and information on how to amend along with ample time in which to do so, yet Plaintiff has failed to take the necessary action, and because the Court has determined that transfer to the Central District is not in the interest of justice. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with the docket management and the public interest."); *id*. at 642 (noting that, where defendants have not appeared, "[w]e have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal"); *Nevijel v. North Coast Life Ins. Co*., 651 F.2d 671, 674 (9th Cir. 1981) (noting that the court is not required to exhaust all alternatives prior to dismissal); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (finding the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction").

Weighing these factors, the Court finds dismissal appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("[W]e may affirm a dismissal where at least four factors support dismissal or where at least three factors 'strongly' support dismissal.") (internal citation omitted) (quoting *Ferdik*, 963 F.2d at 1263); *see also Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) ("While the public policy favoring disposition of cases on their merits weighs against default judgment, that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor."). As noted in the prior Dismissal Order, the Complaint in this action does not state a claim and is essentially incoherent. In addition, Plaintiff was informed that, to the extent he may be able to state a claim against the only named Defendant, venue likely lies in the Central District of California, yet he has made no effort to indicate he intends to present a claim for which venue lies in this District.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3). Further, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to satisfy the filing fee requirement, failure to state a claim upon which relief may be granted, failure to allege facts demonstrating that venue lies in this District, and failure to prosecute this action as required by the Court's June 2, 2021 Order. Dismissal is **WITHOUT PREJUDICE** to Plaintiff pursuing his claims in a court with proper venue.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: August 2, 2021

Hon. Janis L. Sammartino
United States District Judge